Filed 1/17/25  In re V.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re V.G., a Person Coming Under the Juvenile Court Law. | C100833 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.G.,<br><br>Defendant and Appellant. | (Super. Ct. No. STKJDDP20220000079) |

Appellant C.G. (father), father of the minor, appeals from the juvenile court's order terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code,[1] §§ 366.26, 395.)  Father claims the San Joaquin County Human Services Agency (Agency) failed to fulfill its duties of inquiry and notice as required by the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.), and the juvenile court abused its discretion when it failed to make any findings regarding the applicability of the ICWA. The Agency concedes the lack of an ICWA finding by the juvenile court.  We will

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

conditionally reverse the juvenile court's orders and remand the matter for further proceedings related to the ICWA.

BACKGROUND

Because the issues on appeal are limited to compliance with the ICWA, we dispense with a detailed recitation of the underlying facts and procedural history.

In February 2022, the Agency detained the minor V.G. (then a newborn) and her half sibling A.T.[2] (then nine years old) and filed a dependency petition pursuant to section 300, subdivisions (b) and (g). At that time, mother A.R. (mother) stated she had no known Indian ancestry and no knowledge of any family member with Indian ancestry.[3] Father had not yet been interviewed, as he was being held in county jail on felony charges. The Agency reported there was no reason to believe the minor was an Indian child on mother's side and it was unknown whether the minor was an Indian child on father's side.

Mother and father were both present at the February 24, 2022, detention hearing. The juvenile court asked both parents about possible Indian ancestry; both parents denied having knowledge of any such heritage. Mother's counsel provided the court with the name and telephone number of maternal aunt J.R. The minute order filed after the hearing stated, "NO ICWA has been found." Mother subsequently completed a parental notification of Indian status form (ICWA-020) confirming she had no known Indian heritage.

The social worker exchanged correspondence with father, who was incarcerated in state prison, regarding father's completion of a paternity test, an ICWA-020 form, and a family background interview. Father completed the paternity test and, on May 25, 2022,

---

[2] The minor's half sibling A.T. is not a party to this appeal and will be mentioned only when relevant to the issues raised by father.

[3] The Agency learned the minor's maternal grandfather was deceased.

the juvenile court found him to be the biological father of the minor. The social worker informed father of the results, confirmed he was not eligible for parole until January 2028 and therefore could not reunify with the minor, and asked him to provide names and contact information for any extended relatives. Father subsequently completed the ICWA-020 form stating he had no known Indian heritage. He also provided the social worker with names and contact information for paternal grandmother H.G. and paternal stepgrandfather A.C.

In August 2022, the Agency reported the minor was in the care of maternal aunt A.P. who, among other things, coordinated contact between the minor and maternal grandmother. The Agency also reported there was no reason to believe the minor was an Indian child within the meaning of the ICWA, as both parents denied any Native American ancestry.

The father and the paternal grandparents were present at the August 10, 2022, jurisdiction/disposition hearing. The court adjudged the minor a dependent of the juvenile court, bypassed reunification services to both parents, ordered the minor's continued removal from mother's custody, and adopted the Agency's recommended findings and orders. The ICWA was not discussed.

The Agency's February and April 2023 status review reports contained nothing new regarding its ICWA inquiry and investigation. Maternal aunt A.P. reportedly attended a child and family team meeting and discussed her desire to adopt the minor should mother's reunification efforts fail.

The December 2023 status review report stated mother was living with the minor's maternal great-aunt but did not reveal her name or contact information. The minor was still living with maternal aunt A.P. and maternal uncle C.S. Paternal grandparents H.G. and A.C. and maternal aunt A.P. denied any Native American heritage. The social worker mailed ICWA-020 forms to all three relatives but maternal aunt A.P. was the only one to provide a completed form confirming she had no Indian ancestry. Maternal grandmother

3

reportedly continued her occasional visits with the minor but no ICWA inquiry efforts were reported.

On December 20, 2023, the juvenile court scheduled the matter for a section 366.26 hearing.

The Agency's section 366.26 report recommended the court terminate parental rights and free the minor for adoption. The report reiterated the Agency's position that there was no reason to believe the minor was an Indian child within the meaning of the ICWA given that both parents, maternal aunt A.P., and paternal grandparents H.G. and A.C. denied having any Native American ancestry. The report noted the maternal grandmother visited the minor on occasion but made no mention of any ICWA inquiry having been made.

The contested section 366.26 hearing commenced on April 2, 2024. The juvenile court, referring to the Agency's section 366.26 report, asked, "[O]n page 3 the ICWA issues are set forth, it begins with, 'There's no reason to believe the child is an Indian child.' [¶] Should that finding be made at this time?" The Agency responded, "Not at this time, no." The juvenile court adopted the Agency's recommended findings and orders and terminated parental rights, freeing the minor for adoption. Neither the juvenile court nor the parties made any further mention of the ICWA and the juvenile court made no ICWA finding.

Father timely appealed the juvenile court's section 366.26 orders.

DISCUSSION

Father contends the Agency failed to undertake a proper ICWA inquiry by not investigating the minor's possible Indian ancestry through available maternal and paternal extended relatives. He further contends the juvenile court failed to make any findings regarding the applicability of the ICWA. The Agency disputes the former claim but concedes the latter. As we explain, the matter must be remanded for further ICWA proceedings.

4

Child welfare agencies and juvenile courts "have 'an affirmative and continuing duty' in every dependency proceeding to determine whether ICWA applies by inquiring whether a child is or may be an Indian child. (§ 224.2, subd. (a).) This 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1131-1132.) This duty of inquiry "continues throughout the dependency proceedings." (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.)

"When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also [Cal. Rules of Court,] rule 5.481(a)(4).)" (*In re Dezi C.*, *supra*, 16 Cal.5th at p. 1132, fn. omitted.) "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*In re Dezi C.*, at p. 1133.)

Here, mother and father both denied having any Native American ancestry and completed ICWA-020 forms confirming their denials. Maternal aunt A.P., paternal grandmother H.G., and paternal stepgrandfather A.C. all denied any Indian heritage, and maternal aunt A.P. completed an ICWA-020 form so stating. Based on those representations, the Agency reiterated its conclusion that there was no reason to believe the minor was an Indian child within the meaning of the ICWA. However, despite having contact information for maternal aunt J.R., and having access to maternal grandmother who visited the minor occasionally, and to maternal great-aunt with whom mother lived with at one point, the Agency either did not make an ICWA inquiry of those individuals or did not memorialize having done so.

The Agency's duty of ICWA inquiry extends to the minor's extended family, if known. (§ 224.2, subd. (b); Cal. Rules of Court, rule 5.481(a)(4).) Here, information regarding several of the minor's extended family members was known. However, we see

5

nothing in the record that demonstrates there was any effort to contact or obtain information from those individuals. Based on the dearth of information provided, it appears the Agency failed to obtain, at a minimum, the full names and birth dates or any identifying information for maternal aunt J.R., maternal grandmother, or maternal great-aunt or any paternal relatives other than the paternal grandparents.

The Agency either did not take sufficient affirmative steps to investigate the minor's possible Indian ancestry on the maternal and paternal sides of the family or did not document its efforts to do so. In the absence of evidence of the Agency's efforts to fulfill its continuing duty of inquiry, we cannot say the failure of ICWA compliance was harmless.

Moreover, the juvenile court was required to make findings as to the applicability of the ICWA. Its failure to do so here was error. (*In re Jennifer A.* (2002) 103 Cal.App.4th 692, 704-705, 709.) It is undisputed that the juvenile court did not make the requisite findings and orders that the ICWA inquiry and notice were sufficient and that the ICWA does not apply. Therefore, we have no ICWA findings and orders to review and any remarks we would make on the adequacy of the Agency's inquiry and notice would be advisory. (See *People v. Buza* (2018) 4 Cal.5th 658, 693 ["We . . . abide by . . . a ' "cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more" ' "].) We must therefore remand for limited proceedings to determine ICWA compliance.

## DISPOSITION

The juvenile court's orders terminating parental rights are conditionally reversed. On limited remand, the juvenile court shall appoint new legal counsel for father and shall further order the Agency to comply with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the juvenile court finds a further inquiry was proper and adequate, due diligence has been conducted, and the ICWA does not

6

apply, the orders shall be reinstated. If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and comply with the ICWA and California implementing provisions.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
ROBIE, Acting P. J.

/s/_____
MAURO, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7